UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTY J. BAILEY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

Case No. 1:15-CV-0002

HON. ROBERT J. JONKER

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Betty J. Bailey seeks review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged

with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence.  *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance.  *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).  In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984).  The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference.  *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).  This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 25 years of age on the date of the Administrative Law Judge's (ALJ) decision. (Tr. 11, 37.)  She left school midway through the eleventh grade, but at the time of the ALJ's decision was enrolled in online classes in order to finish her schooling. (Tr. 41–42). Plaintiff also was previously employed as a child monitor. (Tr. 51.) Plaintiff applied for benefits on April 10, 2012,  alleging that she had been disabled since December 20, 2011, due to depression, bipolar disorder, osteoarthritis, borderline high blood pressure, and diabetes.  (Tr. 65, 77, 132–36.)

Plaintiff's application was denied on August 2, 2012, after which time she requested a hearing before an ALJ. (Tr. 82–93.) On August 20, 2013, Plaintiff appeared with her counsel before ALJ Paul Jones for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (Tr. 30–64.) In a written decision dated September 5, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 11–27.) On October 30, 2014, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (Tr. 1–5.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

Plaintiff's insured status expired on March 31, 2013. (Tr. 14.); *see also*, 42 U.S.C. § 423(c)(1). Accordingly, to be eligible for DIB, Plaintiff must establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. § 404.1520(f)).

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Jones determined Plaintiff's claim failed at the fifth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. (Tr. 13.) At step two, the ALJ determined Plaintiff had the following severe impairments: (1) obesity; (2) lumbar spondylosis; (3) right knee internal derangement; (4) bilateral carpal tunnel syndrome; (5) affective disorder; and (6) organic mental disorder. (Tr. 16.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (Tr. 16–18.) At the fourth step, the ALJ found that Plaintiff retained the RFC based on all the impairments:

> to perform sedentary work as defined in 20 CFR 404.1567(a), except she can only frequently handle or finger objects; in simple, routine, and repetitive tasks; with occasional changes in the work setting; and occasional interaction with the public, co-workers, and supervision.

(Tr. 18.) Continuing with the fourth step, the ALJ determined that Plaintiff was unable to perform any of her past relevant work. (Tr. 21.)

4

At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy which Plaintiff could perform given her limitations. *See Richardson*, 735 F.2d at 964. The VE testified that there existed approximately 155,000 jobs in the national economy as a surveillance system monitor, accounting clerk, and general office clerk that an individual similar to Plaintiff could perform. (Tr. 53.) This represents a significant number of jobs. *See Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1000 (6th Cir. 1988).

Accordingly, the ALJ concluded that Plaintiff was not disabled at any point from December 20, 2011, (the alleged onset date) through March 31, 2013, (Plaintiff's date last insured). (Tr. 22–23.)

## DISCUSSION

Plaintiff's Statement of Errors raises the following claims of error:

1. The ALJ's physical residual functional capacity determination is unsupported by substantial evidence because the ALJ improperly used his lay opinion to formulate the determination based on the raw medical data. Here, the ALJ should have recontacted treating physician Dr. Kustasz for a functional limitation opinion;

2. The ALJ's credibility determination is unsupported by substantial evidence because the ALJ erred in analyzing the required factors when assessing Plaintiff's credibility; and

3. The ALJ's Step 5 determination is unsupported by substantial evidence.

(ECF No. 11, PageID.438.) The Court will discuss the issues below.

**1.**

Plaintiff first argues that the ALJ gave the opinion of Dr. Kustasz, Plaintiff's treating physician, insufficient weight when making his RFC determination, the result of which left the ALJ

"playing doctor" with the raw medical data. Plaintiff further argues the ALJ should have recontacted her treating physician or received a further medical opinion before developing the RFC. The Court disagrees.

On September 10, 2012, Dr. Richard Kustasz wrote a letter taking Plaintiff off work, stating that she "is disabled from productive vocational work due to chronic depression, arthritic pains and bilateral carpal tunnel syndrome." (Tr. 326.) The ALJ found, however, that this opinion was entitled to "little weight" as it was an opinion that was on a matter reserved to the Commissioner, and was not supported by the doctor's own records or the record as a whole. (Tr. 20.) Plaintiff first claims that the ALJ erred in failing to assign this opinion controlling weight.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375–76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527). It appears undisputed that Dr. Kustasz qualifies as a treating physician.

The deference accorded to such opinions is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health & Human Servs.*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is

6

contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller*, 1991 WL 229979 at *2 (citing *Shavers*, 839 F.2d at 235 n.1); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286–87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376–77.

It is well settled that while medical professionals are permitted to offer opinions regarding a claimant's functional limitations, the question whether a claimant is disabled or unable to work are matters reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); *see also, Sims v. Comm'r of Soc. Sec.*, 406 F. App'x. 977, 980 n.1 (6th Cir. 2011) (a doctor's "implied opinion that plaintiff was unable to work is tantamount to a disability opinion, a matter reserved to the Commissioner for determination"). A medical opinion is defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R.

§§ 404.1527(a)(2); 416.927(a)(2). While medical opinions offered by treating sources are generally accorded deference, statements that a claimant suffers from unspecified limitations or is disabled or unable to work are entitled to no deference because the determination of disability is a matter left to the Commissioner. *See* 20 C.F.R. § 404.1527(d) (1). Because the statement in question is not properly characterized as a medical opinion, the ALJ properly disregarded such. *See, e.g., West v. Astrue*, 2011 WL 825791 at *8 (E.D. Tenn. Jan. 19, 2011) ("it was reasonable for the ALJ to omit discussion of Dr. Coffey's opinion because it was not a 'medical opinion' as defined by 20 C.F.R. § 416.927(a)(2)"); *Koller v. Astrue*, 2011 WL 5301569 at *5 (E.D. Ky. Nov. 3, 2011) (the ALJ is not required to defer to statements by physicians concerning matters reserved to the Commissioner). The opinion on which Plaintiff's claim rests clearly run afoul of this limitation. Accordingly, the ALJ did not err in giving the opinion "little weight."

Plaintiff claims that by rejecting this opinion, the ALJ developed an RFC that was not based on any medical opinion, and impermissibly substituted his own lay opinion in the RFC determination. When determining a claimant's RFC, "[i]t is well established that the ALJ may not substitute his medical judgment for that of the claimant's physicians." *Brown v. Comm'r of Soc. Sec.*, No. 1:14–CV–236, 2015 WL 1431521, *7 (W.D. Mich. Mar. 27, 2015) (citing *Meece v. Barnhart*, 192 F. App'x 456, 465 (6th Cir. 2006)); *see Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (quoting *Rohan v. Charter*, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings."). However, when evaluating the claimant's RFC, the ALJ is not required to base his or her RFC findings entirely on a physician's opinion. *Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015); *see Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) ("[T]o

8

require the ALJ to base her RFC finding on a physician's opinion, 'would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.'"). "[A]n ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). Accordingly, after the ALJ provided good reasons for giving less than controlling weight to Dr. Kustasz's opinions, the ALJ did not need to seek out another physician's opinion. *See Muscott v. Colvin*, No. CV 14-13890, 2015 WL 7248670, at *4 (E.D. Mich. Oct. 29, 2015).

Nor was the ALJ required to recontact Dr. Kustasz. In *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269 (6th Cir. 2010), the Sixth Circuit held that there were "two conditions that must both be met to trigger the duty to recontact: 'the evidence does not support a treating source's opinion . . . and the adjudicator cannot ascertain the basis of the opinion from the record.'" *Id.* at 273 (quoting Soc. Sec. Rul. 96-5p, 1996 WL 374183, at * 6 (July 2, 1996)). An unsupported opinion alone does not trigger the duty to recontact. *Id.* The duty is not triggered where, as here, the ALJ did not reject the physician's opinions because they were unclear; instead, he rejected the opinions because they were of a matter reserved to the Commissioner and were not consistent with the doctor's own treatment notes. (Tr. 20.) "'[A]n ALJ is required to re-contact a treating physician only when the information received is inadequate to reach a determination on claimant's disability status, not where, as here, the ALJ rejects the limitations recommended by that physician. *Ferguson*, 628 F.3d at 274 (quoting *Poe*, 342 F. App'x at 156 n.3). Where the duty is not triggered, it is not violated. *Id.* Accordingly, Plaintiff's claim of error is rejected.

**2.**

At the administrative hearing, and on her function report, Plaintiff stated that she was much more impaired than that found by the ALJ. Plaintiff stated, for example, that she could not lift, push, or pull anything weighing over twenty pounds. (Tr. 152.) She testified she could only walk at one time for five to ten minutes, and quickly becomes uncomfortable when sitting. (Tr. 60.) The ALJ found Plaintiff's statements to be not entirely credible:

> Claimant is able to care for her young son and tend to her personal care and grooming without any reported problems. She has no difficulty performing her activities of daily living such as cooking, cleaning, driving, and shopping. She goes outside daily and is able to use a computer as well as handle money. Claimant also reports riding a bicycle for exercise and has stated that recent injections in her spine and right knee have significantly improved her condition.

(Tr. 21.) Plaintiff claims the ALJ's decision to discount her subjective allegations is unsupported by substantial evidence.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, may be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also, Grecol v. Halter*, 46 F. App'x 773, 775 (6th Cir. 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [her] pain or other symptoms will not alone establish that [she is] disabled." 20 C.F.R. § 404.1529(a); *see also, Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)); *Hash v. Comm'r of Soc. Sec.*, 309 F. App'x 981, 989 (6th Cir. 2009). Instead, a claimant's assertions of disabling pain and limitation are evaluated under the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

>  whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted).  This standard is often referred to as the *Duncan* standard.  *See Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir. 2004).

Accordingly, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)).  However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Id.* (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Id.* (citing *Walters*, 127 F.3d at 531); *see also, Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony").  It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand.  The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded.  *See Parley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987).  In fact, as the Sixth Circuit has stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (citation omitted).

Social Security regulations provide that when evaluating a claimant's credibility, the ALJ must consider the medical evidence as well as other relevant information including the following:

> (i) Your daily activities;
>
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
>
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

The ALJ examined in detail the evidence in this matter and concluded that such contradicted Plaintiff's subjective allegations. Plaintiff claims that she is not able to complete all the activities of daily living the ALJ found that she was able to perform. This claim is meritless as Plaintiff's function report and testimony supports the ALJ's conclusion. (Tr. 43, 46, 153–55.) Similarly, Plaintiff consistently reported improvement after receiving injections. (Tr. 379–80, 389–90.) Accordingly, substantial evidence supports the ALJ's credibility determination, and Plaintiff's claim of error is rejected.

**3.**

Plaintiff finally claims that the ALJ's step five determination is unsupported by substantial evidence. This is so, Plaintiff reasons, because the ALJ offered an incomplete hypothetical to the VE at the administrative hearing. A VE's testimony in response to an accurate hypothetical may provide substantial evidence at step five that the claimant is able to perform a significant number of jobs. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). This claim of error is related to the first in that Plaintiff claims the hypothetical was improperly developed by the ALJ who improperly substituted his own lay testimony. The Court has already rejected this claim. Accordingly, the VE's testimony provided substantial evidence supporting the ALJ's conclusion that there were a significant number of jobs Plaintiff could perform, and Plaintiff's claim of error is rejected.

**CONCLUSION**

For the reasons set forth herein, the Commissioner's decision will be **AFFIRMED**. A separate judgment shall issue.


Dated:      February 18, 2016                    /s/ Robert J. Jonker
                                                 ROBERT J. JONKER
                                                 CHIEF UNITED STATES DISTRICT JUDGE